# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

           **Plaintiff,**

**-vs-**                                                                                      **Case No.  6:07-cv-738-Orl-28GJK**

**CHRISTIE D. CHAMPAIGN,**

           **Defendant.**

_____

## AMENDED REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:**     **MOTION FOR DEFAULT JUDGMENT (Doc. No. 13)**
>
> **FILED:**       **August 11, 2008**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.   BACKGROUND

On May 1, 2007, Plaintiff filed a complaint (the "Complaint") against Christie D. Champaign (the "Defendant") to reduce Defendant's defaulted Army Senior Reserve Officers' Training Corps ("ROTC") scholarship to judgment.  Doc. No. 1.  Plaintiff's claim arises out of the Defendant's alleged breach of an ROTC Scholarship Cadet Contract (the "Contract").  *Id*.  Plaintiff attaches the Contract to the Complaint.  Doc. No. 1-4.  Plaintiff also attaches a Certificate of Indebtedness to the Complaint, which states the following in pertinent part:

> Total debt due [Plaintiff] as of August 19, 2006: $37,351.84. . . The claim arose in connection with your discharge from the United States Army Reserve Officer Training Corps on May 9, 2001 due to breach of your two-year contract, while a student as Florida A&M University. Authority for collection is Title 10, USC, Section 2005.
>
> . . .
>
> [Defendant's] account was referred to the Treasury Offset Program (TOP) August 3, 2002 for offset from her Internal Revenue Service (IRS) refund payment. Payment of $174.62 was received December 2002. The account was referred to the private collection agency (PCA) November 11, 2002 and returned April 28, 2004. No payments were received. The original Administrative charges were reduced by $45.00 and penalty by $129.62. The current balance is $26,470.38, of which is principal, $4,424.90 is interest, $5.00 is administrative and $6,451.56 is penalty.

Doc. No. 1-2. On October 27, 2007, the Complaint was served on Plaintiff. Doc. No. 9.

Defendant failed to respond to the Complaint, and on August 1, 2008, default was entered against Defendant. Doc. No. 11. On August 11, 2008, Plaintiff filed the present Motion for Default Judgment (the "Motion") pursuant to Rule 55(b), Federal Rules of Civil Procedure. Doc. No. 13. In the Motion, Plaintiff states the following:

> [Plaintiff's] claim is for a sum certain or for a sum which by computation can be made certain, to wit: principal in the amount of $26,470.38; interest in the amount of $4,424,90 through August 19, 2006, and interest on the principal amount accruing thereafter at the rate of 3.88 percent per annum (i.e., $2.81 per diem); administrative charge in the amount of $5; and penalty in the amount of $6,451.56. (Docket No. 1-2.) Accordingly, as of August 11, 2008, Defendant owes Plaintiff principal in the amount of $26,470.38; interest in the amount of $6,456.53; administrative charge in the amount of $5; and penalty in the amount of $6,451.56; for a grand total of $39,383.47.

Doc. No. 13 at ¶ 5. Thus, Plaintiff requests an entry of default final judgment.

The Motion is presently before the Court.

## II. LAW AND ANALYSIS

When a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default. Fed.R.Civ.P. 55(a). Rule 55(b)(2) further provides:

> In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals – preserving any federal statutory rights to jury trial – when to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

*Id*. The mere entry of default by the Clerk does not in itself warrant the entry of a default judgment by the Court. Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Nishimatsu Construction v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] A default judgment cannot stand on a complaint that fails to state a claim. *Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997). A default judgment has the effect of establishing as fact the plaintiff's well pled allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the former Fifth Circuit before October 1, 1981.

After reviewing the Complaint, the Contract, and the Certificate of Indebtedness, the undersigned finds that the Defendant's defaulted ROTC Scholarship should be reduced to judgment. As of August 19, 2008, Defendant has a past due balance of $26,470.38 in principal; interest in the amount of $6,456.53; administrative charge in the amount of $5; penalty in the amount of $6,451.56; for a total balance of $39,383.47. Accordingly, Plaintiff is entitled to recover the total balance, plus interest at a rate of 3.88 percent per annum or $2.81 per diem on the principal amount through the date of judgment. Thereafter, Plaintiff is entitled to post-judgment interest at the rate allowed by law.

**THEREON** it is **RECOMMENDED** that:

1. Plaintiff's Motion be GRANTED;

2. Plaintiff be awarded the total balance of $39,383.47 as detailed above;

3. Plaintiff be awarded interest in the amount of 3.88 percent per annum or $2.81 per diem on the principal amount from August 19, 2008 through the date of judgment; and

4. Plaintiff be awarded post-judgment interest at the rate allowed by law.

It is further **ORDERED** that the Clerk of the Court shall serve a copy, by certified mail, of this Report and Recommendation on: Christie D. Champaign, Apartment 5C, 101 East New Hampshire Avenue, Deland, Florida 32724.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended at Orlando, Florida on December 29, 2008.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Presiding District Judge

Counsel of Record

Christie D. Champaign by Certified Mail